FILED
JUN 23 2016
[Clerk signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VELDER O. WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>RESTAURANTS, INC., dba HUHOT MONGOLIAN GRILL,<br><br>　　　　　　　Defendant. | CIV. 16-4091<br><br><br>COMPLAINT |

Plaintiff Velder O. Williams, by and through his attorneys, Cadwell Sanford Deibert & Garry, LLP, states and alleges the following for his claims against Defendant Restaurants, Inc., dba HuHot Mongolian Grill.

## PARTIES

1.  Mr. Williams is a disabled individual residing in Sioux Falls, South Dakota, and at all material times was an employee of Defendant Restaurants, Inc., doing business as HuHot Mongolian Grill, located at 5430 Arrowhead Parkway, Sioux Falls, South Dakota 57110 ("Employer").

2.  Employer is a corporation organized under the laws of Nebraska, and at all material times conducted business as HuHot Mongolian Grill, located at 5430 Arrowhead Parkway, Sioux Falls, South Dakota 57110.

## JURISDICTION

3.  Mr. Williams brings this action under 42 U.S.C. § 12117 ("Americans with Disabilities Act" or "ADA"); 28 U.S.C. §§ 1331, 1337 & 1343; under the provisions of 28

U.S.C. § 1367; and pursuant to SDCL 20-13-10 to redress the wrongs done to him by Defendant as a result of Defendant's discriminatory actions based on Mr. Williams's disability and for terminating his employment for that same reason.

4.     Mr. Williams also brings this action under SDCL 62-1-16 to redress Defendant's retaliatory discharge.

5.     This Court has pendant jurisdiction for the state claims asserted herein pursuant to 28 U.S.C. §1367.

6.     On December 17, 2015, within one hundred eighty (180) days of the date of the most recent discrimination by Defendant and more than thirty (30) days prior to the commencement of this lawsuit, Mr. Williams filed a Charge of Discrimination with the South Dakota Division of Human Rights (the "Division"). The Charge of Discrimination was also filed with the Equal Employment Opportunity Commission (the "EEOC"), an agency of the United States of America charged with the administration, interpretation and enforcement of the ADA. The charge alleged violations of the ADA and the South Dakota Human Relations Act by Defendant; namely that Mr. Williams' employment had been terminated by Defendant because of his disability and in retaliation for him exercising his right to seek worker's compensation benefits for a workplace injury.

7.     On April 26, 2016, the South Dakota Division of Human Rights issued its determination of no probable cause and dismissed Mr. Williams' charge of discrimination. Accordingly, all administrative conditions precedent to the institution of this lawsuit have been fulfilled and this action is commenced in a timely manner.

## VENUE

8.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of South Dakota.

## GENERAL ALLEGATIONS

9.  Mr. Williams began employment with Defendant as a dish washer on March 3, 2015.

10. Mr. Williams' immediate supervisor was Jeff Wayne.

11. On March 7, 2015, Mr. Williams slipped on spilled grease and violently fell to the floor. Mr. Williams immediately felt debilitating pain in his back and neck.

12. On March 18, 2015, Mr. Williams saw James T. Brunz, M.D. Mr. Williams reported lower back pain and numbness in his right leg. Dr. Brunz assessed that Mr. Williams had an acute cervical and lumbar sprain and possible radiculopathy.

13. For treatments to address his lower back pain and right leg numbness, Mr. Williams has received an epidural steroid injection, trigger point injections, right sacroiliac joint injection, physical therapy, and various medications.

14. Mr. Williams underwent an MRI scan on April 16, 2015, that revealed moderate degenerative disc changes and a central disc at the L4-5 level without neural impingement.

15. Mr. Williams saw Nurse Practitioner Lori Lawson on June 9, 2015. Ms. Lawson diagnosed myofascial pain, improved sacrolitis, and possible lumbar radiculopathy.

16. On June 24, 2015, Mr. Williams' pain was so severe that he admitted himself to the emergency department at Avera McKennan hospital.

17. Mr. Williams was able to work with reasonable accommodations during his treatments. One accommodation was light duty and schedule modification, as Dr. Brunz placed Mr. Williams on a 10-pound lifting restriction with a four-hour work day.

18. Another reasonable accommodation, offered by Defendant and accepted by Mr.

Williams, was sitting in a booth while cleaning dishes and menus.

19. Despite the ability to work four-hour days with reasonable accommodations, Mr. Williams was only offered one hour of work per day, often at odd times such as eight o'clock in the morning.

20. Defendant's agents, both local and regional management, observed Mr. Williams at work with his reasonable accommodations and were aware of Mr. Williams' recommended and requested accommodations.

21. Instead of civilly discussing Mr. Williams' disability and his accommodations, Defendant's agents verbally accosted Mr. Williams for obtaining an attorney to represent him in seeking to receive worker's compensation benefits to which he was entitled by South Dakota law.

22. Defendant's agents subjected Mr. Williams to ridicule and also physically intimidated him by standing over and around him while he worked.

23. Simultaneous to the verbal and physical intimidation, Defendant's agents made it clear to Mr. Williams that they did not believe Mr. Williams was injured, and often encouraged Mr. Williams to perform activities outside of his doctor's recommendations.

24. On June 26, 2015, four days after Mr. Williams' counsel notified Defendant of his worker's compensation representation, Defendant fired Mr. Williams, refusing to continue to provide him with reasonable accommodations to perform his job duties, which he was completing as required.

## COUNT ONE
### ADA – Disability Discrimination in Employment

25. Mr. Williams incorporates all paragraphs of this complaint as if fully set forth

under this count and further alleges that:

26. Defendant is an "employer" within the meaning of the ADA.

27. Defendant is engaged in an "industry affecting commerce" within the meaning of the ADA and the Civil Rights Act of 1964.

28. Due to Mr. Williams' back injury, he is an individual with a "disability," as that term is defined by the ADA.

29. Mr. Williams is a "qualified person with a disability" within the meaning of the ADA, 42 U.S.C. §12111(8), as he is an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of various positions for Defendant in their east Sioux Falls restaurant.

30. Defendant refused to permit Mr. Williams to return to a doctor-recommended work schedule because of his disability.

31. Defendant refused to permit Mr. Williams to return to a doctor-recommended work schedule because of his record of having a disability, which is defined by the ADA as a physical or mental impairment that substantially limits one or more of Mr. Williams' major life activities.

32. Defendant refused to permit Mr. Williams to return to a doctor-recommended work schedule because it perceived Mr. Williams as having a disability.

33. Defendant's actions towards Mr. Williams on the basis of his disability or perceived disability constitute a discriminatory act prohibited by the ADA, 42 U.S.C. §12112(a).

34. Defendant failed to reasonably accommodate Mr. Williams' requests to work in positions that he could perform as required by the ADA, 42 U.S.C. §12112(b)(5).

35. The unlawful employment practices complained of above were intentional and

were done with malice or reckless indifference to the federally protected rights of Mr. Williams.

36. Defendant's discriminatory conduct resulted in the termination, or in the alternative, a constructive discharge of Mr. Williams from his employment in violation of federal law.

37. Defendant's discriminatory actions toward Mr. Williams based on his disability, record of disability, or perceived disability, have caused Mr. Williams to suffer damages, including lost and future wages, medical expenses, and employment benefits.

38. Defendant's discriminatory actions towards Mr. Williams based on his disability, record of disability, or perceived disability, have caused Mr. Williams to suffer past and future substantial damages for mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

39. Under the ADA, 42 U.S.C §12117(a), which incorporates by reference the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, Mr. Williams is entitled to back pay and lost benefits in an amount equaling or exceeding $10,000.00, as well as front pay.

40. Under 42 U.S.C. §1981(a) and 42 U.S.C. § 12117(a), Mr. Williams is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Because Defendant's discriminatory conduct was intentional and was taken with malice or reckless indifference to Mr. Williams' federally protected rights, Mr. Williams is entitled to recover punitive damages.

42. Under 42 U.S.C. § 12205, Mr. Williams is entitled to his reasonable attorneys' fees, litigation expenses and costs incurred in this action.

## COUNT TWO

### Violation of SDCL 20-13-10

43. Mr. Williams incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

44. Defendant is an "employer" at all times material herein within the meaning of SDCL 20-13-1(7).

45. Mr. Williams was an "employee" at all times material herein within the meaning of SDCL 20-13-1(6).

46. Due to Mr. Williams' back injury, Mr. Williams is an individual with a "disability" as that term is defined under SDCL 20-13-1(4) and 20-13-1(4)(a).

47. Defendant refused to permit Mr. Williams to return to a doctor-recommended work schedule because of his record of having a disability, which is defined by SDCL 20-13-1(4) as a physical or mental impairment that substantially limits one or more of Mr. Williams' major life activities.

48. Defendant refused to permit Mr. Williams to return to a doctor-recommended work schedule because it perceived Mr. Williams as having a disability.

49. Defendant's actions toward Mr. Williams on the basis of his disability or perceived disability constitute an unfair or discriminatory employment practice prohibited by SDCL 20-13-10.

50. Defendant's discriminatory conduct resulted in the termination, or in the alternative, a constructive discharge of Mr. Williams from his employment in violation of state law.

51. The unlawful employment practices complained of above were intentional and

were done with malice or reckless indifference to the rights set in place by the law of the State of South Dakota.

52. Defendant's discriminatory actions toward Mr. Williams based on his disability, record of disability, or perceived disability, have caused Mr. Williams to suffer damages, including lost and future wages, medical expenses, and employment benefits.

53. Defendant's discriminatory actions towards Mr. Williams based on his disability, record of disability, or perceived disability, have caused Mr. Williams to suffer past and future substantial damages for mental anguish, loss of enjoyment of life and other non-pecuniary losses.

54. Under SDCL 20-13-35.1, Mr. Williams is entitled to compensatory and punitive damages.

## COUNT THREE
### Wrongful Discharge

55. Mr. Williams incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

56. Counsel for Mr. Williams notified Defendant of his representation by telephone, and by formal correspondence dated June 22, 2015.

57. Defendant, through its agents, accosted Mr. Williams for obtaining legal representation to pursue workers' compensation benefits to which he was entitled by state law.

58. Under SDCL 62-3-1, 62-3-3, and 62-3-18, all employees injured during the course of their employment have the right to compensation without interference.

59. Defendant terminated Mr. Williams' employment on June 26, 2015, four days after counsel's June 22, 2015 correspondence and after Defendant's management ridiculed and reprimanded Mr. Williams for obtaining counsel.

60. Defendant terminated Mr. Williams' employment in whole or in part for his act of obtaining counsel to help him obtain worker's compensation benefits.

61. Under SDCL 62-1-16, Defendant is civilly liable for wrongfully discharging Mr. Williams in whole or in part for filing a worker's compensation claim.

62. As a result of Defendant's wrongful discharge, Mr. Williams suffered damages, including lost and future wages, medical expenses, and employment benefits.

63. As a result of Defendant's wrongful discharge, Mr. Williams suffered past and future substantial damages for mental anguish, medical expenses, and loss of enjoyment of life, as well as other non-pecuniary losses.

## COUNT FOUR

### Intentional Infliction of Emotional Distress

64. Mr. Williams incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

65. Defendant intentionally terminated Mr. Williams' employment because of his disability and/or in retaliation for obtaining counsel to represent him in obtaining worker's compensation benefits, knowing that in doing so it would cause Mr. Williams severe emotional distress.

66. As a direct and proximate result of Defendant's intentional and discriminatory action in terminating Mr. Williams's employment, Mr. Williams has suffered severe emotional distress from and after June 26, 2015, and will with reasonable certainty continue to suffer emotional distress in the future, all in an amount to be determined by the Court or the Jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Williams respectfully requests the Court enter judgment in favor of Mr. Williams and against Defendant as follows:

A. For Mr. Williams' past pecuniary losses, including the loss of wages and benefits in an amount to be determined by a jury at trial;

B. For Mr. Williams' front pay in an amount to be determined by a jury at trial:

C. For Mr. Williams' compensatory damages in an amount to be determined at trial:

D. For attorneys' fees, costs, and disbursements incurred herein; and

E. For such other and further relief as the Court deems just and equitable under the circumstances.

## JURY TRIAL DEMAND

Mr. Williams requests a jury trial on all questions of fact raised by his Complaint.

## PUNITIVE DAMAGES DEMAND

The Defendant is hereby put on notice that Mr. Williams is requesting punitive damages on all counts set forth herein.

Dated this 23rd day of June, 2016.

CADWELL SANFORD DEIBERT & GARRY, LLP

By: _____
Stephen C. Landon / Melissa R. Jelen
200 East 10th Street, Suite 200
Sioux Falls, South Dakota 57104
Telephone: (605) 336-0828
Fax: (605) 336-6036
slandon@cadlaw.com
mjelen@cadlaw.com
Attorneys for Plaintiff Velder Williams

## VERIFICATION OF COMPLAINT

State of South Dakota )
                      :SS
County of Minnehaha  )

    Velder O. Williams, being first duly sworn upon his oath says: that he is the above-named Plaintiff, and as such may sign, and that he, as such authorized representative being authorized to do so, has read the above and foregoing instrument, understands the contents thereof, and the same is true according to his own knowledge, except as to matters therein stated upon information and belief, and as to such matter he believes the same to be true.

                                                             Velder O. Williams

Subscribed and sworn to before me
this 23rd day of June, 2016.

Notary Public – South Dakota
My Commission Expires: 9-17-16

[Notary Seal: MELISSA R. JELEN, NOTARY PUBLIC, SOUTH DAKOTA]